# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ELLEN HENDERSON, Respondent, *v.* JAMES SCOTT,
Appellant.

*Judgment — to operate as a bar, it must be pleaded as such.*

Appeal from a judgment in favor of the plaintiff, entered upon a verdict rendered at the Oswego Circuit, and from an order denying a motion for a new trial on the minutes.

The action was brought for *mesne* profits or rental value of real estate, after the recovery of a judgment in an action of ejectment. The complaint alleged that the plaintiff owned in fee and was entitled to the possession of one undivided seventh of certain lots in the city of Oswego described in the complaint; that the defendant without the consent of the plaintiff entered into the possession of the same in April, 1868, and has ever since occupied the same and received the rents and profits thereof, which were of the yearly value of $150 over and above taxes, and that in 1878 the plaintiff commenced an action in this court against the defendant to recover the possession of said premises, in which issue was joined and tried before a referee, and the plaintiff recovered a judgment decreeing that she was the owner and entitled to the possession of said premises, and that she is now in the possession of the same.

The defendant by his answer denied the complaint and pleaded, first, that if the plaintiff is the owner and entitled to the possession of said premises she is, and has been for twenty years, such owner as tenant in common with the defendant and those from whom he derives title, his share being six undivided sevenths of said lots; and secondly, in substance, that the defendant, and those under whom he claims, have made permanent improvements on said lots with the consent and acquiescence of the plaintiff, exceeding in

value the amount of the plaintiff's claim, which they will set off against her claim. Some other defenses were set up which are not material to the questions involved in this appeal. The plaintiff replied denying the alleged counter-claim and pleading the former judgment, and also the statute of limitations, in bar thereof.

At the trial the plaintiff put in evidence the judgment-roll in the former action, which showed that such an action was commenced in January, 1878, and that the plaintiff in her complaint therein alleged, among other things, that the defendant wrongfully occupied the premises about fifteen years, and during that time, without the plaintiff's consent, received the rents and profits thereof, which were of the yearly value of fifty dollars, and that in her complaint she demanded judgment for the possession of the premises and also for $500 damages for the withholding of the same as above stated. The defendant denied the withholding of the possession and that he had received the rents and profits. The record also showed that the referee found, among other things, that the defendant went into possession of the premises in March, 1868, and had remained in possession ever since, and that the rental value of the premises was $120 per year over and above taxes; and that the plaintiff was entitled to recover six cents damages for the withholding of the premises, and was not entitled to recover any portion of the value of the use and occupation of the premises because not claimed in the complaint. Judgment was entered accordingly.

The court at General Term said: "The defendant's counsel contended at the trial, and now claims, that whether or not the referee erred in holding that the plaintiff was not entitled, under her complaint, to recover for the value of the use and occupation, the judgment is a bar to her claim to recover therefor in this action. That position cannot be taken by the defendant for the reason that he has not pleaded the judgment in bar. The defense of a former recovery may have been admissible, in an action like the present one, under the general issue prior to the Code. (*Young* v. *Rummell*, 2 Hill, 478; *Beebe* v. *Elliott*, 4 Barb., 457.) But since the Code it must be specially pleaded. (Old Code, § 149; New Code, § 500; *McKyring* v. *Bull*, 16 N. Y., 297, 307; *Brazill* v. *Isham*, 1 E. D. Smith's R., 437; S. C. affirmed, 12 N. Y., 9; *Hendricks* v. *Decker*, 35 Barb., 298.) In *Brazill* v. *Isham* the fact of the award of arbi-

trators, which was claimed by the defendant to be a bar to the action, was set up in the complaint, as is the former judgment here, but it not having been pleaded as a bar it was held that the defendant could not insist upon it as such." * ´ *  *

*B. B. Burt,* for the appellant.

*J. A. Hathway,* for the respondent.

Opinion by SMITH, P. J.; HARDIN and BARKER, JJ., concurred.

Judgment and order affirmed.

---

OBADIAH STEPHENS, APPELLANT, *v.* PETER CORNELL, RESPONDENT.

*Evidence — when a party, seeking to enforce a claim, which originally existed against a person who has since died, is competent to testify as to personal transactions between himself and such deceased person in respect to such claim — Code of Civil Procedure, sec. 829.*

APPEAL from a judgment of the Steuben County Court reversing a judgment of a Justice's Court in favor of plaintiff for twenty-three dollars.

The plaintiff proved an account against the defendant which he had alleged in his complaint. The defendant had set up an account which accrued in his favor against the father of the plaintiff during the lifetime of the latter, and alleged that in consideration of property conveyed to the plaintiff by the other heirs-at-law of the father, the plaintiff had undertaken and agreed to pay the debts of the father, including the debt which the defendant held against him. Upon the trial the defendant sought to establish such counter-claim. In his efforts to do so he offered himself as a witness as to transactions with the deceased, in order to prove such indebtedness. The plaintiff objected thereto upon the ground that the defendant was not a competent witness under section 829 of the Code of Civil Procedure. The justice refused to receive the evidence.

The court at General Term said : " The plaintiff was not a party, as an executor or administrator, or heir-at-law, of his father. He sued in his own right. Defendant's counter-claim was not against the plaintiff as executor or as heir-at-law. But it was against him